LEWIS G. CARPENTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71617.    Promulgated September 5, 1935.

*Archibald M. Johnson, Esq.*, and *Arthur R. Bechtold, C. P. A.*, for the petitioner.
*P. A. Sebastian, Esq.*, for the respondent.

#### OPINION.

MORRIS: This proceeding is for the redetermination of a deficiency in income tax of $655.43 for the calendar year 1930, presenting for consideration the sole question whether or not a loss of $148,355.65 is a " net loss " within the meaning of section 117 (a) of the Revenue Act of 1928 and may be brought forward and deducted in the computation of taxable net income for the calendar year 1930 under the facts and circumstances hereinafter set forth.

The petitioner, an individual, resident of San Francisco, California, was a general partner of the firm of Roberts, Carpenter & Co., members of the San Francisco Stock Exchange, engaged in the business of stock brokers and underwriters of stocks and other securities prior to the sale of his interest therein and his withdrawal therefrom on November 1, 1928. During the existence of the firm he was an active partner and not only his capital but his time and attention were devoted thereto.

Prior to the sale of his interest in the aforesaid partnership the petitioner, in August 1928, attempted to limit his liability therein by

1

the formation of a limited partnership but, being denied the right to do so by the San Francisco Stock Exchange, he advised his attorney to sell his interest therein, whereby existing liabilities might be settled and, to that extent, relieve him. In other words, his withdrawal from the partnership was in order to save himself from further loss.

Accordingly, the petitioner disposed of his interest in the partnership on November 1, 1928, for $164,839.61, represented by individual notes of George D. Roberts and John L. Thomas, from whom he took assignments of their respective partnership interests as security for the notes, subject, however, to an agreement, enforced by the San Francisco Stock Exchange, that his claim against Roberts and Thomas should be subject to the claims of creditors.

Dissolution followed the aforesaid sale, as of November 1, 1928, and Roberts and Thomas immediately thereafter entered into a partnership with Howard G. Park and continued business under the same name as theretofore. All of the assets of the old partnership were transferred and its liabilities were assumed by the new partnership.

The loss which was allowed as a deduction from taxable net income for the year 1929, which is the basis of the present controversy, amounted to $148,355.65, computed as follows:

| | |
|---|---:|
| Cash contributed by petitioner to copartnership | $149,740.88 |
| 1928 earnings not withdrawn from business | 19,068.68 |
| | 168,809.56 |
| Deduct: 10% deduction which represents difference between previously agreed market value (90% of face value of notes received) at time of sale of partnership interest and allowed as deduction in 1928 in the determination of the loss resulting from sale of partnership interest November 1, 1928 | 16,483.96 |
| Total | 152,325.60 |
| Deduct: Loss on disposition of partnership interest determined upon the sale of said interest on November 1, 1928, and allowed as a deduction for the calendar year 1928 in arriving at the taxpayer's net taxable income | 3,969.95 |
| Loss allowed for the calendar year 1929 in arriving at the taxpayer's net taxable income | 148,355.65 |

After the sale of petitioner's interest in Roberts, Carpenter & Co. he then engaged in the business of raising and selling polo ponies, under corporate form, of which business he is one of the principal stockholders. He is also a large stockholder and an active director in the American Radiator Co. He no longer engaged in the stock brokerage business after the sale of his interest therein.

In addition to the foregoing the parties have stipulated that, in the event the Board sustains the contention of the petitioner, the loss

to be carried forward and allowed as a deduction in 1930 will be $53,863.10; that his net taxable income for the year 1930, excluding the loss of $53,863.10 in controversy, is $27,077.57; and that if he is sustained by the Board a loss will result and consequently no income tax will be due and payable for that year.

The parties have stipulated that a loss of $168,809.56 was suffered by the petitioner upon the sale of his interest in the partnership of Roberts, Carpenter & Co., $3,969.95 of which amount was allowed as a deduction in 1928 when the transaction was consummated and $148,355.65 ($164,839.61 minus 10 percent of the face value of the notes) in 1929 when the notes were ascertained to be worthless.

It is also stipulated that the only issue in this proceeding is whether the deduction allowed by the respondent in 1929 is a " net loss " within the meaning of section 117 (a) of the Revenue Act of 1928—whether such loss was sustained in the operation of a trade or business.

Section 117 of the Revenue Act of 1928 provides in part as follows:

(a) *Definition of " net loss."*—As used in this section the term " net loss " means the excess of the deductions allowed by this title over the gross income, with the following exceptions and limitations:

(1) NON-BUSINESS DEDUCTIONS.—Deductions otherwise allowed by law not attributable to the operation of a trade or business regularly carried on by the taxpayer shall be allowed only to the extent of the amount of the gross income not derived from such trade or business;

\* \* \* \* \* \* \*

(b) *Net loss as a deduction.*—If, for any taxable year it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called " second year "), and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year (hereinafter in this section called " third year ") ; the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary.

The respondent's position is that the petitioner, after leaving the partnership, was no longer engaged in the brokerage business, and therefore this loss was not sustained in the operation of a trade or business. In his view the loss must be attributable to the operation during the taxable year of a trade or business. This same contention was made in *Edgar L. Marston*, 18 B. T. A. 558; affd., *Burnet* v. *Marston*, 57 Fed. (2d) 611, in which the Board held that there is nothing in section 204 of the Revenue Act of 1921 which limits its application to a net loss resulting from the operation of a business within the year in which the loss was sustained, and that it is sufficient under the statute if the loss results from the operation of a

business whether the taxpayer was so engaged during the particular year or not. As to the question here involved, the pertinent provision of the 1928 Act is similar to that of the 1921 Act. He further contends that the deduction for 1929 is for a bad debt ascertained to be worthless and charged off, and is not attributable to the operation of a trade or business regularly carried on by the taxpayer. The petitioner's position is that the loss was attributable to the operation of a trade or business carried on by him during the prior taxable year.

An analysis of the facts leads us to the conclusion that the respondent's determination is correct. The loss by the petitioner in the operation of his business was sustained in 1928 when he received notes aggregating $3,969.95 less than his capital contribution and the amount of his 1928 partnership profits. The notes were treated by the parties as property having a fair market value or as the equivalent of cash to the extent of 90 percent of their face value and the loss was allowed in 1928 on that basis. The subsequent loss on the notes was not attributable to the operation of a business regularly carried on by the petitioner, but was due to the failure of the purchasers to meet their obligations, either because of their unsuccessful operation of the business or for other personal financial reasons. Although the section in question is a relief provision and should be liberally construed, *Burnet* v. *Marston, supra,* that rule does not extend so far as to permit a deduction as a net loss of a loss sustained on property acquired in a transaction which may have given rise to a net loss.

*Edgar L. Marston, supra,* is clearly distinguishable upon the facts in that the loss there in question actually grew out of the operation of the business of the partnership.

Cf. *Eli Strouse,* 24 B. T. A. 748; affd., 59 Fed. (2d) 600.

*Judgment will be entered for the respondent.*